FILED
09 FEB 26 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD SMITH AND GRACE SMITH,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>DEFENDANT. | CIVIL ACTION NUMBER:<br>JURY TRIAL DEMANDED<br><br>CV-09-TMP-0387-S |

## COMPLAINT

This is an action brought by the Plaintiffs, Howard Smith and Grace Smith, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiffs, Howard Smith and Grace Smith, are residents and citizens of the state of Alabama, Jefferson County, are over the age of twenty-one (21) years, and are "consumers" as defined by the FDCPA.

2. The Defendant, National Enterprise Systems, Inc. (hereinafter "NES") is a foreign

corporation with its principal place of business in the state of Ohio. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. On or about July 31, 2008, a male agent/employee of Defendant called the home of Plaintiff Howard Smith in an attempt to collect a debt allegedly owed by him to Citibank Visa. The alleged debt was incurred for personal, family and/or household uses.

4. Upon information and belief, this was the first communication that Defendant had with Plaintiffs regarding the alleged debt, and Defendant failed to provide Plaintiffs with their validation rights pursuant to the FDCPA 15 U.S.C. § 1692g within 5 days from the call.

5. The agent/employee failed to notify Grace Smith that the call was from a debt collector, was an attempt to collect a debt, and that any information obtained would be used for that purpose.

6. Plaintiff Grace Smith answered the call and notified the caller that Howard Smith was not home. The caller then asked Grace Smith if she was Howard's wife, to which she replied affirmatively. The agent/employee then began to harass and berate Grace Smith with an extremely rude and belligerent tone.

7. The agent/employee then told grace Smith that he was calling on a *"federal matter"* - that was, Howard Smith owed Citibank Visa over $4000 for which he was not making payments on, and for which *"he would be sued and have his wages garnished."*

8. The agent/employee also told Grace Smith that in her state she was *"just as liable for this debt as Howard was"*, and that if Howard refused to pay, they would *"come after her"* and *"file*

*a lawsuit against her too*" for "*committing a federal crime.*"

9. Grace Smith was extremely upset with the agent/employee's threats and harassment so she notified the agent/employee that she would prefer that any further collection attempts to be in writing.

10. The agent/employee told Grace Smith that he did not have to put things in writing but would continue to call.

11. Grace Smith told the agent/employee that she thought he was not following the law in his attempt to collect this debt and was acting illegally.

12. The agent/employee then became extremely irate and again threatened the Plaintiffs with "*lawsuits*" and "*federal crimes,*" and in a very angry voice exclaimed "*Do you think its legal to borrow $4000 and then refuse to pay!?!?! Is that what you think is legal?!?!*"

13. At that point, Grace Smith was so upset that she had no choice but to terminate the call by hanging up.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

13. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiffs' alleged consumer debt.

14. The Defendant used false representations and/or deceptive means to attempt to collect a debt in violation of §1692e, including but not limited to subsections §1692e(2), (4), (5), (7), and (11).

15. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

16. The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt in violation of §1692d.

17. As a proximate result of the Defendant's actions, the Plaintiffs were caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

19. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

20. The Defendant knew or should have known that said conduct was improper.

21. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

22. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

23. As a result of the Defendant's negligence, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

24. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known of the conduct set forth herein which was

directed at and visited upon the Plaintiffs.

26. The Defendant knew or should have known that the said conduct was improper and illegal.

27. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

28. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

29. As a result of the Defendant's recklessness and wantonness, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

30. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

32. The Defendant undertook and/or directed communications to the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt.

33. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiffs aver that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

34. Said communications constitute the wrongful intrusion into their solitude and seclusion.

35. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiffs to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

36. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant NES.

37. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

38. By committing these acts and omissions against Plaintiffs, the agents/employees were motivated to benefit their principal, the Defendant.

39. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect an alleged debt from Plaintiffs.

### **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against the

Defendant as follows:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.    Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

    C.    Actual damages for the Defendant's violations of the FDCPA;

    D.    Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

    E.    Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages, and,

    F.    Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

/s/ Whitney Seals
Whitney Seals, Esq.
Attorney for Plaintiff

OF COUNSEL:
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

/s/ Michael Lindsey
Michael Lindsey, Esq.
Attorney for Plaintiff

Lindsey Law Firm, L.L.C.
One Perimeter Park So, Ste 330N
Birmingham, AL 35243
(205) 970-2233
(205) 278-8522 (facsimile)